IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EUSEBIO PALACIOS and ) | |
| JULIA JUAREZ, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:12-CV-872-N |
| ) | |
| JOSE CHAVEZ, ET AL. ) | |
|     Defendants. ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.   BACKGROUND**

Plaintiffs filed this action alleging fraud and violation of their civil rights. Plaintiffs are proceeding *pro se* and the Court has granted them leave to proceed *in forma pauperis*.

Plaintiffs' claims appear to arise from a civil suit in state court. Defendants are Jose Chavez, Wade Kricken, the 141st District Court and Associates and John P. Crump.

**II.   SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"* *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

**1. Jose Chavez**

The Court sent Plaintiffs a Magistrate Judge's Questionnaire seeking all facts they intended to rely to show that Jose Chavez violated their rights. Plaintiffs' response states "fraud, uncost. affid., wrongful act, damages." (Magistrate Judge's Questionnaire, Answer 1A.) Plaintiff's statement fails to state enough facts to state a claim to relief that is plausible on its face. Plaintiffs' claims against this Defendant should be dismissed.

**2. Wade Kricken**

It appears Wade Kricken is an attorney who represented Plaintiffs in their state civil suit. Plaintiffs state Kricken committed fraud, failed to refund their money after he was fired, and filed pleadings after he was fired. (Magistrate Judge's Questionnaire, Answer 1B.)

Plaintiffs have stated no federal cause of action. To state a claim for a civil rights violation under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment prohibits only that

action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

Plaintiffs have made no claim that their attorney was acting under color of state law. Plaintiffs' claims against Defendant Kricken should be dismissed.

### 3. John P. Crump and 141st District Court and Associates

Plaintiffs state Defendant John P. Crump is the judge in their state civil case. They state he entered judgment after they gave notice that they terminated their attorney and that certain orders were not scanned into the file. Judges, however, have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). Plaintiffs' claims relate to judicial actions Judge Crump took in their civil case. Plaintiffs' claims against this Defendant should therefore be dismissed.

Plaintiff claims against the 141st District Court and Associates should also be dismissed. Plaintiffs state their claims against these Defendants as "Bill of review violation, civil rights violation." (Magistrate Judge's Questionnaire, Answer No. 1C.) These claims fails to state enough facts to state a claim to relief that is plausible on its face. Additionally, court clerks are immune from actions "for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Kastner v. Lawrence*, 390 Fed. Appx. 311, 315 (5th Cir. 2010) (quoting *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)). Plaintiffs' claims against these Defendants should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiffs' claims be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 1st day of August, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).